Chief Justice Marshall
delivered the opinion of the Court.
This action of trespass was brought by Feland against Allen, McRoberts, Rowland and Walker, for entering the close of the plaintiff, and taking a negro woman and her child, his slaves. The defendants pleaded the general issue, with leave to give in evidence any special matter that might be pleaded. And the jury having found for the plaintiff $650 against Allen and $200 against McRoberts, and having found Rowland and Walker not guilty, Allen and McRoberts moved for a new trial, which was refused; and the plaintiff moved for a new trial as to Rowland and Walker, which was also refused, and a judgment having been rendered in conformity with the verdict, the defendants Allen and McRoberts prosecute a writ of error to reverse the judgment against them, and the plaintiff, in case of a reversal on that writ, asks for a new trial as to Rowland and Walker, to .the refusal of which in the Circuit Court he had excepted.
A plaintiff who brings a joint action of trespass against several defendants and obtains a verdict against part only of the defendants cannot have a new trial of so much of the case as relates to the defendants who were acquitted, without a nolle prosequi being entered as to the others.
But in such case the defendants who are found guilty may ash a new trial as to themselves without joining those defendants who were acquitted by the jury.
But the plaintiff having brought a joint action against all of the defendants for the same trespass, and the trial having been joint, he could not, at his option, sever the defendants except by entering a nolle prosequi as to some of them and retaining his action as to others. And although the jury found against two of them and in favor of two others, the plaintiff .could not, at his election, hold on to a verdict qnd judgment against the two former, and repudiate the verdict in favorof the other two, but was bound to acquiesce in the verdict in toto, or to ask for or agree to a new trial of the whole case.
The condition of the two defendants who were found guilty is different. The case of the other defendants did not depend upon theirs. They had no right to bring the others again in jeopardy, or in any manner to control them or their case; and yet they had a right to relieve themselves frpm the verdict against them, if they were unjustly or illegally convicted. Their motion for a new trial, as to themselves alone, was therefore admissible. Moreover, as the other' defendants are. no ]Arties to their writ of error, and their is no writ against them by the plaintiff in the action, they are not in any manner before the Court, and the judgment in their favor could not be reversed, and being in fact a separate judgment, it does not fall of course with the other. The case before us is, therefore, the separate case of Allen and McRoberts, and the question is whether there is any error in the proceedings to their prejudice.
It appears from the evidence that the two slaves in question certainly belonged to Allen at one time; that he had put them in possession of his daughter and her husband shortly after their marriage; that the defendant claimed them by title derived from the husband, while Allen claimed that they belonged to him at the time of the taking complained of; and that in assertion of his claim he had authorized Rowland to sue for and recover them in his name; that Rowland sued out a writ of replevin in the name of Allen, wrho was in another county and sick; and that Rowland, together *308 with Walker and another, accompanied McRoberts;t© whom, as deputy Sheriff, the writ had been delivered, and the two slaves were, without any resistance or personal injury, taken from the house of Feland by the party. The evidence conduces to prove that this was done in execution of the writ of replevin. But that writ, though actually returned to the office from which, it issued and found among the papers of the suit, had no endorsement or return .made upon it. And the record of that case shows that on motion of the plaintiff’s counsel the suit was dismissed without any judgment, either for a return or for costs. A plea to the action of replevin appears to be among the papers not filed of record, and it is proved by parol that when Feland’s attorney offered to file it in Court, the plaintiff’s attorney insisted that Feland was not before the Court and dismissed the suit. It appears further that on the day after the slaves had been taken from Feland’s possession, they were in the possession of Rowland who was carrying them away on horses. What afterwards became of them is wholly matter of inference or conjecture.
One whose property is upon, the premises of another has a right peaceably to enter and take it. That he entered with, an officer who had a writ of replevin to take and deliver the property did not malee it a trespass whether ihe wm was evnot.^NMicense oasTiVnecess^ ry, other than a failure to pro-. hibitthe entry.
*308 Upon the question of fact whether Allen had given, or merely loaned the negro woman to his daughter, we have nothing to say, except that while the circumstances enumerated in the third instruction conduced to prove a gift as therein stated, there were other circumstances which the jury had a right to consider as tending the other way; and it could not be assumed by the Court that there was in fact a gift, or that the woman and her child did not belong to Allen when they were taken from Feland’s house.
If they did belong to him, the possession under claim of adverse title was wrongful, and Allen, by himself or agents, had a right to enter peaceably upon Fe-land’s premises and regain the possession peaceably; and the resort to a writ of replevin and to the agency of the Sheriff for that purpose, did not make the entry and seizure a trespass, whether the writ was returned or not. The first instruction given, on motion of the *309 plaintiff, implies that although Allen may have been the owner of the slaves, entitled to their immediate pos-. session — and although Feland’s posessession may have 0 1 been wrongful — yet something more was necessary to authorize the entry and seizure; that is, it leaves to the jury to determine whether there was proper authority for the entry and seizure without informing them what . _ J .. , would or would not justify these acts, and without, m any manner, referring to them the question of property as claimed by the parties. It was not necessary, so far as the entry was concerned, and if its purpose was lawful, that the defendants should have had any previous license from Feland, or any other permission than a failure to prohibit them. We, therefore, consider this instruction to the effect, that if the jury believed the defendants entered, &c., and took the slaves without leave or proper authority, they must find for the plaintiff some damages, as being misleading and erroneous.
An officer having process, can not justify under such process unless he return it,, withhisendorsement of his acts under it, nor can the plaintiff in the writ, if he-be instrumental in preventing such return being made: (1 Salk. 408, Watson on Sheriffs, 7 vol. Law Lib., page 63) unless-the defendant as-^"^¡^those who acted bythe officer und/r the wnt'
The second instruction, in substance, tells the jury, that if the defendants entered under color of process of law, and by virtue of the writ obtained the possession of the slaves, and the writ was not returned executed and with a statement of what was done under it, but was abandoned by them, it affords the defendants no protection, but in contemplation of law, they are trespassers from the beginning. This instruction, like the first, withdraws from the jury the question of property and gives no effect to the evidence on that subject. It assumes further that the failure of the deputy sheriff to return a statement of his proceedings under the writ, not only deprived him of any justification which it might otherwise have afforded him, but that it had the same effect with regard to all of the defendants. As the deputy Sheriff had a right to return the writ, and it was his duty to state upon it his proceedings under it, we are of opinion that his failure to make such return, precludes him from justifying under the command of the writ: (1 Salkeld, 408, 409, 410; Watson on Sheriffs, 63; 7 vol. Law Library, 46.)
A plaintiff in replevin is not liable as a trespasser, though the Sheriff fail to return the writ, and the suit be dismissed after he has received the property at the hands of the Sheriff— unless he directed or assented to the act of the officer, in not malting the proper return upon the process.
*310 We are also satisfied that if the failure to make the return was caused by the directions of the plaintiff in the writ, that it affords him no more protection than it affords .the Sheriff, unless the direction was given with the assent of the defendant in the writ. And the case, instead of being mitigated, is aggravated, if, after resorting to the writ as a means of gaming the possession, Allen, not being the owner of the slaves, directed or assented to the failure of the Sheriff to make a proper return, in order that he might retain the advantage gained without incurring the obligations incident to the action of replevin. And although there maybe ground for the inference that such was his conduct and motive in this case, the inference is not so conclusive as to authorize its assumption by the Court. Of the bearing of this instruction upon the case of the other defendants, it is unnecessary to take notice as their case is not before us. But we are of opinion that it is erroneous and misleading in determining absolutely that Allen, as well as McRoberts was precluded from relying on the writ by reason of the omission of the latter to make due return on it. The abandonment of the suit by Allen is only a circumstance from which his assent to this omission, and his taking advantage of it for his own benefit may be inferred. The act of his attorneys in dismissing the action of replévin, was his act, so far as that suit was concerned. But the motives or consequence of the dismission, and the state of the possession of the slaves, at the time, are not shown, and are but matters of inference.
If Allen was the true owner, entitled to the possession, he is not liable as a trespasser, though the writ of replevin was not returned, and the action was abandoned. If he was, not the true owner, but in good faith believed that he was, and resorted to the action of replevin to assert his right, the failure of the Sheriff to make return, &c., does not make Allen a trespasser, nor deprive him of the protection of the writ, unless he was implicated in the Sheriff’s failure, as above supposed.
J. W. L. Harlan for plaintiffs; Bell for defendant.
Wherefore, the judgment is reversed, and the cause remanded for a new trial.